UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-CV-23441-ALTONAGA
MAGISTRATE JUDGE REID

KWESI KERR,

    Petitioner,

v.

WILLIAM BARR, et al.,

    Respondent

_____/

## ORDER OF DIRECTIONS TO CLERK

This case is before the Court on emergency petitions for writ of habeas corpus. [ECF Nos. 1, 6].[1] For unknown reasons, the entire court file was sealed by the Clerk's Office. As explained below, the docket should be UNSEALED, and the only documents that should remain sealed are ECF Nos. 1-1 and 6-1.

Movant has filed multiple motions to seal in this case: two identical "motion[s] to file habeas corpus under seal and anonymously [ECF Nos. 3, 7] and a "motion to file emergency temporary restraining order and preliminary injunction anonymously and under seal" [ECF No. 10]. Movant contends that the motions to seal should be granted because he has a battered spouse petition pending and

---

[1] Petitioner filed the second emergency petition three days after the first. The petitions appear to be substantially similar.

1

"IIRAIRA and VAWA 2000" prohibit the publication and sharing of his information except for law enforcement purposes. [ECF Nos. 3, 7, 10].

The essence of Petitioner's filing is that he believes the Government is preventing him from "pursuing a visa application and cancellation of removal" prior to his deportation. [ECF No. 6]. This includes Petitioner's application under the Violence Against Women Act ("VAWA"). As such, Petitioner requests that the Court stay his order of removal until his VAWA petition is full adjudicated. [*Id.* at 3].

VAWA's confidentiality provisions prohibit employees of the Department of Homeland Security and Department of State from disclosing information related "to an alien who is the beneficiary of an application for relief" under the Act. 8 U.S.C. § 1367(b). The Court can locate nothing in VAWA that requires a District Court to entirely seal any lawsuit related to a Petitioner who has a pending VAWA application, especially where, as here, the lawsuit does not directly relate to the confidential information that would be part of Petitioner's VAWA application. Rather, the instant petition relates to ICE's alleged interference with Petitioner's ability to prosecute his VAWA application, not to the VAWA application itself.

It is well-settled that there is a general right to inspect and copy public records and documents, including judicial documents. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)). *See also Comm'r, Ala. Dep't of Corr. v. Advance Local*

*Media, LLC*, 918 F.3d 1161, 1167 (11th Cir. 2019) ("[M]aterials submitted by litigants . . . that are integral to the judicial resolution of the merits in any action taken by that court are subject to the common law right of access . . . ." (citation omitted)). "To rebut the presumption in favor of public access, the requesting party must establish that sealing the records is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Sajous*, 749 F. App'x 943, 944 (11th Cir. 2018) (citation omitted); *see also Advance Local Media*, 918 F.3d at 1173 ("This public right of access . . . may only be overcome when a court determines . . . that the party seeking to keep the information confidential has shown good cause.").

Movant's assertion that this entire proceeding should be sealed is vague, and unsupported by any specific assertions regarding the confidentiality of the documentation provided in initiation of this lawsuit. Consequently, his request is not sufficiently "narrowly tailored" to rebut the presumption of public access to the docket. *See Sajous*, 749 F. App'x at 944-45; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983).

As discussed above, the instant petition relates not to Movant's VAWA application itself, but ICE's alleged interference with his ability to prosecute his VAWA application. Although Movant attaches certain documents to his petitions that are of a confidential nature, he does not include any substantial discussion of

the substance of those documents in his petitions. Accordingly, Petitioner's motions to seal his pending petitions [ECF Nos. 3, 6] are GRANTED in part and DENIED in part.

As to Petitioner's "Motion to File and Emergency Temporary Restraining Order and Preliminary Injunction Anonymously and Under Seal" [ECF No. 10], his motion is DENIED without prejudice. As discussed above, Petitioner's mere assertion that his VAWA application is pending is insufficient for the Court to permit him to file any preliminary injunction under seal. *See* S.D. Fla. L.R. 5.4(b). He fails to sufficiently set forth a factual and legal basis to rebut the presumption in favor of public access to judicial records.

Accordingly, the Clerk is directed as follows:

1. Petitioner's Motions to File Habeas Corpus Under Seal [ECF Nos. 3, 7] are GRANTED in part and DENIED in part:

    a. ECF No. 1 shall be UNSEALED, but ECF No. 1-1 (Exhibit A) shall remain SEALED;

    b. ECF No. 6 shall be UNSEALED, but ECF No. 6-1 (Exhibit A) shall remain SEALED;

2. Petitioner's Motion to File Emergency Temporary Restraining Order Under Seal [ECF No. 10] is DENIED without prejudice; and,

3. All other docket entries shall be UNSEALED.

DONE AND ORDERED at Miami, Florida this 26th day of August, 2020.

s/Lisette M. Reid
UNITED STATES MAGISTRATE JUDGE

cc: Kwesi O. Kerr
A#209-346-072
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov